## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-05-1843 |
| BENCOR, INC., | § § § | |
| Defendant. | § | |

### MEMORANDUM AND OPINION

Defendant/counterplaintiff BENCOR, Inc., filed a motion to confirm an arbitration award entered in its favor against plaintiff/counterdefendant Variable Annuity Life Insurance Company ("VALIC") and for entry of final judgment. (Docket Entry No. 32). VALIC filed a stipulation of dismissal under Rule 41 of the Federal Rules of Civil Procedure, asserting that because the claims between it and BENCOR had been resolved in arbitration and the arbitration award fully paid, dismissal was appropriate. (Docket Entry No. 33). VALIC opposed the motion for entry of an order confirming the award, (Docket Entry No. 35), and BENCOR replied, (Docket Entry No. 38). On May 11, 2006, Barry W. Sylvia filed a motion to intervene under Federal Rule of Civil Procedure 24(a)(2), arguing that he is a third-party beneficiary of the action between VALIC and BENCOR. (Docket Entry No. 36).

Based on the motions and responses, the pleadings, the record, and the applicable law, this court denies VALIC's motion for entry of a stipulated dismissal and grants BENCOR's

1

motion for entry of an order confirming the arbitration award in its favor and for entry of final judgment. This court also denies Sylvia's motion for intervention. The reasons for these rulings are explained below.

## I. Background

On March 24, 2005, VALIC sued BENCOR in state court. BENCOR removed to federal court on the basis of diversity jurisdiction. VALIC filed the suit after BENCOR terminated the Marketing Agreement the parties had entered in June 2002. BENCOR asserted that it terminated the Agreement after VALIC had breached by refusing to paying BENCOR commissions and by reducing other payments it owed BENCOR under the Agreement to recoup commissions previously paid. BENCOR's right to compete with VALIC during the remainder of the contract term – which lasted until November 2007 – depended on whether BENCOR was justified in terminating the Agreement, which in turn depended on whether VALIC had breached. In this lawsuit, VALIC denied that its actions breached the Agreement and asserted that BENCOR had terminated without cause.

The Marketing Agreement provided for binding arbitration of "any dispute" between VALIC and BENCOR "in connection with" the Agreement. The Agreement also provided that the "substantive and procedural laws of the State of Texas" would govern the arbitration; that the arbitration would be conducted under the commercial rules of the American Arbitration Association; that the parties could apply to a court for interim relief pending arbitration; and that the "award rendered by the arbitrators may be entered in any court having jurisdiction."

BENCOR invoked the arbitration clause in 2004, amending its arbitration demand several times to seek not only damages but also a declaratory judgment as to its rights and remedies under the Agreement. VALIC filed an answer and counterclaim in the arbitration proceeding. In this lawsuit, VALIC sought a temporary restraining order and preliminary injunction to restrain BENCOR from competing with VALIC pending the arbitration proceeding. This court denied VALIC's application for a temporary restraining order and, after discovery and an evidentiary hearing, denied the preliminary injunction. In August 2005, BENCOR filed a petition in aid of arbitration in this court under section 171.085(a) of the Texas Civil Practice and Remedies Code.

Arbitration as called for under the Marketing Agreement took place in late February and early March 2006. The arbitration panel reached a unanimous decision in favor of BENCOR, finding that VALIC had breached the Agreement; that BENCOR had not breached the Agreement; and that BENCOR was entitled to compete with VALIC after VALIC stopped paying BENCOR commissions due under the Agreement. The panel awarded BENCOR $8,045,425.00 for damages as a result of VALIC's breach of the Marketing Agreement; $859,058.09 for BENCOR's attorneys' fees; $202,319.57 for BENCOR's costs and expenses; $35,586.60 for reimbursement of the arbitration fees and expenses in excess of BENCOR's apportioned amount; and post-award interest. VALIC did not challenge the arbitration award and has paid it in full.

**II.    BENCOR's Motion to Confirm the Award and VALIC's Motion to Dismiss**

VALIC asks this court to dismiss the case, nothing more. BENCOR asks this court

to enter an order confirming the arbitration award and then enter final judgment. As analyzed below, BENCOR's request is firmly supported by the case law, while VALIC's has been rejected.

Under both the Federal Arbitration Act and the Texas Arbitration Act, if a party applies for a court order confirming an arbitration award, the court – assuming jurisdiction – must confirm the award unless there are grounds for vacating, modifying, or correcting it. 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11. . . ."); TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award."). The confirmation of an arbitration award is a summary proceeding that converts a final arbitration award into a judgment of the court. *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 89 n.2 (2d Cir. 2005); *Yusef Ahmed Algahanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997); *Val-U Const. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 582 (8th Cir. 1998); *Cullen v. Paine, Webber, Jackson & Curis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *Blumberg v. Bergh*, No. 04-138, 2005 WL 1047592, at *2 (Tex. App.–Fort Worth May 5, 2005) (unreported).

A court is required to confirm the award unless a basis for modification or vacateur exists. *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 580 n.2 (5th Cir. 1986); *Humm v. Millennium Income Fund., L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.–Hou. [1st Dist.] 2005). The Federal and Texas Arbitration Acts list specific grounds for modifying or vacating an award, 9 U.S.C. § 10(a); TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088, 171.091, and courts have held that vacateur may result if an award was rendered in "manifest disregard of the law." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004); *Homes v. Cull*, 173 S.W.3d 565, 572 (Tex. App.–Fort Worth 2005). Judicial review of an arbitration award is "extraordinarily narrow" and "exceedingly deferential." *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003); *Homes*, 173 S.W.3d at 572–73.

The arbitration award in the present case issued on April 18, 2006. BENCOR moved to confirm the award two days later, on April 20, 2006. As noted, VALIC does not contest the arbitration award and has paid it in full. VALIC argues that BENCOR's petition for confirmation is improper precisely because VALIC has paid the arbitration award and not sought vacateur or modification. (Docket Entry No. 35). BENCOR responds that the Federal and Texas Arbitration Acts require this court to enter an order confirming the award.

The Marketing Agreement between VALIC and BENCOR provided that "the award rendered by the arbitrators may be entered in any court having jurisdiction." (Docket Entry No. 32, Ex. A at ¶ 11(c)). Cases involving similar arbitration agreement language have held that a court with jurisdiction to do so must grant a timely motion to affirm the arbitration

5

award unless there is a basis to modify, vacate, or correct it. *See, e.g.*, *Ono Pharm. Co., Ltd. v. Cortech*, No. 03-5840, 2003 WL 22481379 (S.D.N.Y. Nov. 3, 2003). In *Ono Pharmaceutical*, the court also rejected an argument similar to VALIC's assertion that confirmation is inappropriate when there is no challenge to an arbitral award. Like the party resisting confirmation in *Ono Pharmaceutical*, VALIC can cite no precedent to support its position that "a party must refuse to honor an arbitral award before the award can be confirmed." *Id.* at *3; *see also 1199 SEIU v. St. Luke Residential Health Care Facility, Inc.*, No. 04-1463, 2005 WL 1828762 (N.D.N.Y. July 26, 2005).

VALIC relies on *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484, 492 (1st Cir. 1983), in which the court held that confirmation was unwarranted. In *Derwin*, the arbitration award upheld an off-the-job pass system under a collective bargaining agreement and approved certain practices for the system. *Id.* at 486. The parties neither challenged the award nor sought confirmation for almost three years after it issued. *Id.* After controversy developed over the pass system and resulted in numerous grievances, the union sought confirmation of the prior arbitration award. The court held that "[t]o grant the requested confirmation at this juncture would risk injecting the courts improperly into the arbitration process, since absent a concrete dispute there is no way for the district court to know whether there is any matter which it can properly review and its order may merely serve to skew the bargaining balance between the parties." *Id.* at 491. In *Ono Phamaceutical*, the party resisting confirmation of the award also cited the *Derwin* case. The *Ono Pharmaceutical* court noted that *Derwin* was primarily an example of special concerns over a court's role in arbitration under collective

bargaining agreements. The *Ono Pharmaceutical* court also noted that the *Derwin* court stated that confirmation would be proper "'where an arbitral award is both clearly intended to have a prospective effect and there is no colorable basis for denying the applicability of the existing award to a dispute at hand.'" 2003 WL 22481379, at *3 n.42 (quoting *Derwin*, 719 F.2d at 491). The *Ono Pharmaceutical* court ruled that even under *Derwin*, confirmation was appropriate.

The same result applies here. Even under the *Derwin* standard, confirmation of the arbitration award in this case would be appropriate. Although VALIC has paid the monetary portion of the award, BENCOR also sought a declaratory judgment as to its post-termination rights under the Marketing Agreement. (Docket Entry No. 38 at 8). The award is intended to have a prospective effect, establishing both BENCOR's ability to compete with VALIC and to receive certain compensation from VALIC during the remainder of the contract term. VALIC does not allege that BENCOR seeks to extend the scope of the award to other disputes or to avoid further arbitration of other disputes, as in *Derwin.*

None of the other collective bargaining cases VALIC cites supports the result it seeks in this case. VALIC has not offered any Fifth Circuit precedent holding that a party must refuse to honor an arbitral award before the award can be confirmed. The motion for entry of an order confirming the award, and for final judgment on that basis, is granted.

### III.    The Third-Party Motion to Intervene

Barry W. Sylvia, an alleged third-party beneficiary to the action between VALIC and BENCOR, moved to intervene in this action. (Docket Entry No. 36). Sylvia argues that he

has a contractual relationship with VALIC that gives him the right to a 1% commission "paid as a result of [his] relationship with both the Plaintiff and the Defendant, which is the subject matter of the dispute between the parties herein." (Docket Entry No. 36). Sylvia asserts the right to $99,000. (Docket Entry No. 37).

>    Federal Rule of Civil Procedure 24(a) addresses intervention as of right and states:
>
>    Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a). Rule 24(b), which provides for permissive intervention, states:

>    Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FED. R. CIV. P. 24(a).

Sylvia's first problem is that he filed his motion too late. The Fifth Circuit has identified four factors to consider in evaluating whether a motion to intervene is timely: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) prejudice to the existing parties resulting from the intervenor's failure to apply for

intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances." *Trans Chem. Ltd. v. China Nat. Machinery Import & Export Corp.*, 332 F.3d 812, 822 (5th Cir. 2003).  This case was removed to this court on May 24, 2005, one year ago.  Sylvia has not shown why he failed to intervene in this case for a year after removal, after the parties had arbitrated their dispute, an arbitration award had been issued, and this court was asked to confirm the award.  The motion is not timely.

Sylvia also fails to identify an interest in the subject matter of this litigation that would justify intervention as of right or identify how his claim has a common question of law or fact with the litigation.  Nothing remains to be done in this case except confirm the award.  No basis for intervention exists.

### III.  Conclusion

BENCOR's motion for confirmation of the arbitration award is granted.  The arbitration award issued on April 18, 2006 is confirmed.  VALIC's motion to dismiss is denied.  Sylvia's motion to intervene is denied.  Final judgment will be entered by separate order.

SIGNED on May 30, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge